THE ELGIN HYDRAULIC COMPANY

*v.*

THE CITY OF ELGIN.

74  433
85a 189

74   433
s194 482

ACTION — *right of corporation to sue for obstructing raceway to its mills.* Where it is made the duty of a corporation to keep a raceway leading to its works in repair, though it does not own the way itself, if a city so constructs a sewer as to deposit dirt and gravel in the raceway and obstruct the flow of water therein, and the corporation is compelled to expend money to remove such obstruction, an action lies in its favor against the city to recover the money so expended.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. BOTSFORD, BARRY & KRIBS, for the appellant.

Messrs. JOSLYN, LYNCH & CLIFFORD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by the Elgin Hydraulic Company against the City of Elgin, to recover for damages sustained and money expended in removing dirt, gravel and refuse matter deposited in a certain raceway, constructed to convey water from the mill-dam at Elgin to the mills, factories, etc., of the stockholders of the company, situate along the raceway, to operate such mills, etc.; the deposits having been carried into the raceway through a certain sewer, built by the

55—74TH ILL.

city, having its outlet into the raceway. Upon a trial had before a jury, the court below, at the conclusion of the plaintiff's testimony, instructed the jury to find the defendant not guilty, which was accordingly done, and judgment rendered in favor of the defendant, and the plaintiff appealed.

The declaration averred that the plaintiff was possessed of, and in the exclusive use, control and occupancy of the raceway, and that, by the provisions of the charter and by-laws of the company, it was its duty, in the exercise of its corporate powers, among other things, to maintain and preserve the raceway and to do all other acts and things for the preservation and maintenance of the water power connected therewith, and the regulation of the same for the use and benefit of the stockholders of the company, with averments sufficient to show a cause of action in other respects. The evidence showed that the Elgin Hydraulic Company was composed of the owners of the water power at Elgin, who were its stockholders; that the company did not own the race, but that it was built for the benefit of all the owners of water power on the east side of Fox river; that the company had the exclusive possession, care and charge of the race, and did all the repairs on the race and dam, and paid for such repairs out of the treasury of the company; that the moneys were raised by assessment on the stockholders, except what was raised by special assessment upon the property of individual stockholders; that the city constructed the sewer; that through it, dirt and gravel were deposited in the raceway, which caused injury to the mill owners, etc.; that the company expended one hundred and seventy dollars in the removal of the dirt and gravel, which was paid out of the treasury of the company, and had been previously collected from assessments.

The objection taken to the sufficiency of the proof is, that the race did not belong to the company; that it had no interest in the race, but was a mere agency for the repair of it, and hence had no right of action in itself, for the injury done to the race. But the company was a corporation created for the special purpose of keeping this raceway in repair, had the exclusive

charge of it for such purpose, was given power to raise money therefor, and was given the right to sue.  The obstruction of the raceway in the manner shown, although the company had no property interest in it, was a pecuniary damage done to the corporation itself, in necessitating, in the performance of its statutory duty, and actually causing, the expenditure of its own money for the removal of the obstruction.

It is objected that as the evidence showed that the obstruction of the race caused damage to two certain mill-owners in lessening their power, they would have a right of action therefor, and if this action is sustained, the defendant would be exposed to two recoveries by different persons for the same injury.  But this action is not for damage done to the owner of any mill in lessening his power, but only to recover for the expense of removing the obstruction.  The mill-owners' damage suggested would be a different one.

We are of opinion the evidence showed a cause of action in the plaintiff, and that the jury were wrongly instructed.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*