## CHARLES NIMMO

### V.

## R. P. JACKMAN ET AL.

*Action for Damages for Removing Structure from Race-way—Evidence —Judicial Notice—Authority of Agents of Corporation—Possession as Evidence.*

1. In an action to recover damages for removing a certain structure from a race-way which crosses plaintiff's lot, it is *held:* That the evidence is ample

to show that the Elgin Hydraulic Company was the owner of the race-way and had the right to remove obstructions therefrom; that the act incorporating said company being a public act, the courts are bound to take judicial notice of its incorporation; that the plaintiff admitted the incorporation of said company by making it a party defendant; that the evidence shows that the directors of the company, a portion of the defendants, acted in pursuance of the request and order of the company; that no former resolution of the board of directors was necessary to authorize such work; and that the evidence that the structure removed was an obstruction sufficiently supports the finding of the court below.

2. Possession itself, as to either personal or real property, as against one who can show no title, is evidence of ownership.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County ; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. FRANK CROSBY, for appellant.

Mr. R. N. BOTSFORD, for appellees.

LACEY, J. This was an action of trespass *quare clausum fregit* by appellant against appellees and the Elgin Hydraulic Company in breaking and entering appellant's close ; cutting, pulling down, damaging and removing certain posts, beams and timbers belonging to the appellant, forming support and rest for certain building of appellant of the value of $200, etc., *ad damnum,* $1,000.

Appellees and the Elgin Hydraulic Company pleaded, 1st, Not guilty; 2d, The appellees plead justification as officers, agents and servants of the Elgin Hydraulic Company which was in use, enjoyment and possession of a race-way conveying water from a dam across Fox River for power for machinery of the company's members in mills on said race-way which passed over and upon the *locus in quo,* which use, etc., was paramount to any right of appellant secured by conveyance or grant, but reserved therein to the said company; avers that the posts, etc., obstructed and interfered with the free use and enjoyment of the said water and race-way by said company, and that appellees pulled down and removed so much of them as was neces-

sary, as they had a lawful right to do, doing no more damage than was necessary.

The third plea was the same and averred in lieu of owner-ship the Statute of Limitations of twenty years possession and enjoyment of the race-way, etc.

On the hearing the suit was dismissed as to the Elgin Hydraulic Company by appellant. A jury was waived and the cause tried by the court which found in favor of appellees and gave judgment against appellant for costs, who brings the case to this court by appeal.

It is denied by appellant that the Elgin Hydraulic Company had any right in the premises; also that there is any sufficient evidence in the record to show that appellees were the officers, of the company, or that they were directed by the company to do the work of removing appellant's structure from the race-way.

Appellant further claims that there was no proof of the corporate existence of such company. It is also claimed that the evidence failed to establish the fact that the structure erected in the race-way was of such a nature as to "obstruct and pre-vent the free and uninterrupted use of said race-way so that the company did not and could not enjoy the same as it had a right to."

It appears that the appellant was the owner of the lot through which the race-way in question ran, and the structure which he built was erected by him, and consisted of a timber foundation over the race-way covered with plank and for showing agricultural implements, and was removed by ap-pellees. The structure rested on upright posts which were placed on sills in the bottom of the race and fastened together by braces running up and down the stream but not across.

As to the rights of the Elgin Hydraulic Company in and to the race-way, it appears that the appellant owned and possessed the lot in question through which the race ran, by virtue of a deed dated February 1, 1875, from the Fox River Manufactur-ing Company, grantors, to him, which contained this reservation, after the granting clause in the deed, to-wit: "Excepting and reserving the right of passage for water in the race across.

the said premises of not less than forty feet on the. clear without obstruction, and the right to go or enter upon said race at any time to make all necessary repairs. The said second party (appellant) shall have the right to erect abutments on which to erect a building in such a manner as not to obstruct the flow of water." The Elgin Hydraulic Company it appears, took possession of this race in 1865 or 1866, and was in possession and control of it at the time of the alleged trespass.

We think that the evidence is ample to show that the Elgin Hydraulic Company was the owner of this race-way or right which was reserved in the appellant's deed. Appellant certainly was not the owner, and the proof shows that the Hydraulic Company was in possession, and had for many years been in actual control and enjoyment of the privilege reserved in the deed. Possession itself as to either personal or real property as against one who can show no title, is evidence of ownership. Possession by the Elgin Hydraulic Company of this race was at least *prima facie* evidence of ownership, so far at least as was granted by its charter and there was no rebutting evidence. Upon this point the court was fully justified in finding that the Elgin Hydraulic Company was the rightful possessor and had a right to remove obstructions from the race-way. The act of the Legislature which incorporated the Elgin Hydraulic Company is declared by the act itself to be a public act, hence all courts must take judicial notice of it. See Vol. 2, Session Laws 1867, page 88.

By that act it appears that the corporation was created for the special purpose of keeping the race-way in repair, has exclusive charge of it for such purpose, was given the power to raise money therefor and was given the right to sue and be sued. Elgin Hydraulic Company v. The City of Elgin, 74 Ill. 433. The proof showed that the company was organized, had its officers chosen and was exercising the functions and powers granted to it by the Legislature and had been for many years. Aside from this, the appellant admitted the corporate existence of the company by bringing this suit against it.

By the third section of the charter three directors are pro-

vided for who are to manage the affairs of the company. It appears from the evidence that the three directors, a portion of appellees, Jackman, Richards and Kizer, were present and ordered the work done, so that there is abundant evidence that appellees were acting in pursuance of the request and order of the company.

No formal resolution of the board of directors authorizing such work is needed. Upon the objection made by the appellant that the evidence was not sufficient to sustain the finding of the court on the question of the structure removed, having been an obstruction to the free use of the race-way, we can only say that the evidence on this point was conflicting, there being abundant evidence to support the finding. And we see no just ground to disturb the finding of the court on that ground.

Perceiving no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*